**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANTONIA SHIELDS,

                          Plaintiff,                No. 1:18-CV-0835
                                              (MAD/CFH)

        v.

JUDA KLEIN of 2150 Eastern Parkway
LLC and its Deposit Account and of
Wade Tower,

                          Defendant.

---

**APPEARANCES:**                    **OF COUNSEL:**

Antonia Shields
P.O. Box 195
Saratoga Springs, New York 12866
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**

**I. In Forma Pauperis Application**

     The Clerk has sent to the Court a complaint, together with an application to proceed in

forma pauperis ("IFP"), filed by plaintiff pro se Antonia Shields.  Dkt. Nos. 1 ("Compl."), 2.

After reviewing plaintiff's IFP Application, the Court finds that she may properly proceed IFP.

See Dkt. No. 2.

## II. Initial Review[1]

### A. Standard of Review

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his or her complaint before permitting him or her to proceed with the action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  However, this does not mean the Court is required to accept unsupported allegations devoid of sufficient facts or claims. Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P").  Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations

---

[1] Any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff pro se.

2

omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant['s] duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

## B. Plaintiff's Complaint

Plaintiff seeks to bring this action pursuant to 42 U.S.C. § 1983 alleging that defendant, the owner of rental complex, violated her constitutional rights under the Fourth, Tenth, and

3

Fourteenth Amendments.  <u>See</u> <u>generally</u> Compl.[2]  Plaintiff alleges that defendant subjected her effects, papers, and house to unreasonable seizure without a warrant.  <u>See</u> <u>id.</u> at 3. Plaintiff seems to suggest that defendant seized ownership of her security deposit and deposited the money in her personal account <u>Id.</u> at 7, 8-9.

### C. Analysis

Section 1983 provides, in part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  To set forth a cause of action under section 1983, a plaintiff must demonstrate that the alleged conduct was (1) "committed by a person acting under color of state law"; and (2) "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States."  <u>Cornejo v. Bell</u>, 592 F.3d 121, 127 (2d Cir. 2010) (quoting <u>Pitchell v. Callan</u>, 13 F.3d 545, 547 (2d Cir. 1994) (internal quotation marks omitted). "The purpose of § 1983 is to deter state actors from using the badge of their authority to

---

[2]  In order for this Court to have jurisdiction over this matter, plaintiff must demonstrate that there exists either complete diversity jurisdiction or federal question jurisdiction.  "It is a fundamental precept that federal courts are courts of limited jurisdiction."  <u>Owen Equip. & Erec. Co. v. Kroger</u>, 437 U.S. 365, 374 (1978).  Subject matter jurisdiction may be based either on federal question or the complete diversity of citizenship of the parties.  28 U.S.C. §§ 1331, 1332.  Section 1332 of the Judicial Code provides that federal courts have subject matter jurisdiction on the basis of "diversity jurisdiction" "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1) (emphasis added).  Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." <u>Greenberg v. Bear, Sterns & Co.</u>, 220 F.3d 22, 25 (2d Cir. 2000) (internal quotation marks omitted), overruled on other grounds by <u>Doscher v. Sea Port Grp. Sec., LLP</u>, 832 F.3d 372 (2d Cir. 2016)).

deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992).

The Supreme Court has found that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). Therefore, a plaintiff must establish that the defendant was either a state actor or a private party acting under color of state law. See Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002); see also United States v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of America, 941 F.2d 1292, 1295-96 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"). A private party engages in state action when they are found to be a "willful participant in joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (citing United States v. Price, 383 U.S. 787, 794 (1966)). "Conduct that is ostensibly private can be fairly attributed to the state only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." White v. Moylan, 554 F. Supp. 2d 263, 267 (D. Conn. 2008) (citation omitted).

Here, even applying special solicitude and reading plaintiff's complaint liberally, the undersigned is unable to discern from plaintiff's complaint how defendant violated her rights under section 1983. Despite plaintiff's pro se status, plaintiff is still required to set forth with sufficient specificity a complaint that clearly demonstrates the alleged facts and alleged

5

violations of her constitutional rights or other applicable federal laws. The undersigned notes that plaintiff's complaint fails to establish that defendant was either a state actor or a private citizen acting under the color of state law. <u>See</u> Compl. There is no indication that defendant, as the owner rental complex where plaintiff resided, was a "willful participant" in joint activity with the State, or in any way established a "close nexus" with the State. <u>Adickes</u>, 398 U.S. at 152; <u>White</u>, 554 F. Supp. 2d at 267. Thus, because defendant is a private citizen, and plaintiff's allegations do not involve conduct the Court construes to be joint activity with the State, it is recommended that plaintiff's § 1983 claims against defendant be dismissed.

Ordinarily, a court should not dismiss a complaint filed by a <u>pro</u> <u>se</u> litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Branum v. Clark</u>, 927 F.2d 698, 704-05 (2d Cir. 1991); <u>see</u> <u>also</u> Fᴇᴅ. R. Cɪᴠ. P. 15(a) ("The court should freely give leave when justice so requires."). However, the undersigned finds that allowing plaintiff to further amend her complaint would be futile as plaintiff's claims, "even liberally read, [are] insufficient to give any indication that [she] would be able to state a valid claim if given the opportunity." <u>Brooks v. Onondaga Cnty. Dep't of Children & Family Servs.</u>, No. 5:17-CV-1186 (GLS/TWD), 2018 WL 2108282, at *4 n.6 (N.D.N.Y. Apr. 9, 2018), <u>report and recommendation adopted by</u> 2018 WL 2108187(N.D.N.Y. May 7, 2018) (citing <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000)).

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby,

**ORDERED**, that plaintiff's motion for <u>in forma pauperis</u> relief (Dkt. No. 2) be **GRANTED**;

6

and it is

RECOMMENDED, that plaintiff's complaint (Dkt. No. 1) be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted; and it is

ORDERED, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[3]

Dated: September 14, 2018
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).