UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTONIA SHIELDS,

                              **Plaintiff,**

vs.                                                                          1:18-CV-0835
                                                                                (MAD/CFH)

JUDA KLEIN of Eastern Parkway LLC
and its Deposit Account and of Wade Tower,

                              **Defendant.**
_____

APPEARANCES:                                 OF COUNSEL:

ANTONIA SHIELDS
P.O. Box 195
Saratoga Springs, New York 12866
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Antonia Shields commenced this action on July 16, 2018, by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. *See* Dkt. Nos. 1, 2. In a Report-Recommendation and Order dated September 14, 2018, Magistrate Judge Hummel granted Plaintiff's motion to proceed *in forma pauperis* and reviewed the complaint. *See* Dkt. No. 9 at 1. In his review, Magistrate Judge Hummel recommended that the complaint be *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim on which relief may be granted. *See id.* at 7. On October 2, 2018, Plaintiff filed a letter objecting to a Text Order issued by Magistrate Judge Hummel on September 11, 2018, and objections to the Report-Recommendation and Order. *See* Dkt. Nos. 12, 13. Currently before the Court are

Plaintiff's objections to Magistrate Judge Hummel's Text Order and Report-Recommendation and Order.

## II. BACKGROUND

### A. Plaintiff's Complaint

In her complaint, Plaintiff alleges that Defendant Juda Klein of 2150 Eastern Parkway LLC and its Deposit Account violated her constitutional rights under the Fourth, Tenth, and Fourteenth Amendments. *See generally* Dkt. No. 1 (alleging constitutional violations). Specifically, in her complaint, Plaintiff alleges that Defendant, the owner of a rental complex, subjected her effects, papers, and house to an unreasonable seizure without a warrant. *See id.* at 3. According to Plaintiff, Defendant seized ownership of her security deposit account and deposited the money in her personal account between September 15, 2017, and July 16, 2018. *See id.* at 7, 8-9. Plaintiff requests a punitive damages award of $3,200,000 against Defendant. *Id.* at 5, 14.

### B. Magistrate Judge Hummel's Report-Recommendation and Order

In his Report-Recommendation and Order, Magistrate Judge Hummel recommended that Plaintiff's complaint against Defendant be *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. *See* Dkt. No. 9 at 7. Magistrate Judge Hummel found that Plaintiff's complaint, even after applying a liberal reading, must be dismissed because the complaint failed to satisfy the under-color-of-state-law element required for a section 1983 claim. *See id.* at 6. Specifically, Magistrate Judge Hummel determined that "[t]here is no indication that [D]efendant, as the owner of the rental complex where plaintiff resided, was a 'willful participant' in a joint activity with the State, or in any way established a 'close nexus' with the State." *Id.* at 6 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)) (other citation omitted). Thus, because Plaintiff failed to establish that

Defendant was either a state actor or a private citizen acting under the color of state law, Magistrate Judge Hummel recommended that Plaintiff's section 1983 claims against Defendant be dismissed. *See* Dkt. No. 9 at 6.

Magistrate Judge Hummel also recommended that Plaintiff not be granted leave to amend the complaint. *See id.* Magistrate Judge Hummel acknowledged that a court should generally not dismiss a complaint filed by a *pro se* litigant without granting to leave to amend at least once, "when a liberal reading of the complaint gives indication that a valid claim might be stated." *Id.* (quoting *Branum v. Clark*, 927 F.2d 698, 704-08 (2d Cir. 1991)). However, Magistrate Judge Hummel found here that granting Plaintiff leave to further amend her complaint would be "futile." Dkt. No. 9 at 6 (citations omitted).

**C.     Plaintiff's Objections**

Plaintiff objects to both a Text Order and the Report-Recommendation and Order. *See* Dkt. Nos. 12 & 13. Although difficult to decipher, Plaintiff appears to object to Magistrate Judge Hummel granting Plaintiff permission to proceed *in forma pauperis* and the standard used in reviewing her *in forma pauperis* application. *See* Dkt. No. 12 at 2; Dkt. No. 13 at 5-6, 11-13. Next, Plaintiff objects to Magistrate Judge Hummel defining the cause of action pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 13 at 3-4, 9-10. Additionally, Plaintiff objects to Magistrate Judge Hummel's determination that Plaintiff did not satisfy the under-the-color-of-state law requirement for her section 1983 claim. *See id.* at 3, 7, 8, 13.

### III. DISCUSSION

**A.     Standard of Review**

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . .(B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08–CV–322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2012).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Furthermore, when a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted). Nonetheless, an opportunity to amend is not required where "[t]he problem with [the Plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.*

**B.     Analysis**

Plaintiff appears to object to Magistrate Judge Hummel performing an initial review of the complaint pursuant to 28 U.S.C. § 1915. *See* Dkt. No. 12 at 2; Dkt. No. 13 at 5-6, 11-13. According to Plaintiff, she is a "free U.S. citizen" and, therefore, is not subject to 28 U.S.C. § 1915 because that section only applies to prisoners. *See* Dkt. No. 12 at 2; Dkt. No. 13 at 5. While section 1915(a)(1) refers to a "statement of all assets such prisoner possesses," the statute has been interpreted by federal circuit courts to apply to non-prisoners as well. *See, e.g.*, *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for [*in forma pauperis*] status, and not just to prisoners"); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (citation omitted) (accord); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (accord); *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997), *superseded by rule on other grounds as stated in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999) (accord). As a result, federal circuit courts have applied section 1915(e) to non-prisoner litigants and *sua sponte* dismissed their claims. *See, e.g.*, *Salgado–Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) ("[W]e apply section 1915(e)'s . . . standard to both prisoner and non-prisoner litigation") (citation omitted); *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying section 1915(e) to a non-prisoner). As such, Plaintiff's argument that her complaint is not subject to initial review under 28 U.S.C. § 1915 is without merit.

Additionally, Plaintiff objects to Magistrate Judge Hummel's interpretation of Plaintiff's complaint in which he determined that Plaintiff is asserting causes of action pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 13 at 3-4, 9-10. Plaintiff argues that the correct cause of action, as defined in her complaint, is pursuant to the Fourth, Tenth, and Fourteenth Amendments. *See id.* Magistrate Judge Hummel correctly construed Plaintiff's complaint as alleging claims brought pursuant to section 1983. *See* Dkt. No. 9 at 3-4. As Magistrate Judge Hummel correctly explained, section 1983 is a statutory vehicle that provides a person redress for violations

5

guaranteed by the Constitution or federal laws. *See* Dkt. No. 9 at 4 (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)); *see also Cornejo*, 592 F.3d at 127 ("[Section 1983] provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution'") (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Thus, Magistrate Judge Hummel's interpretation is consistent with Plaintiff's complaint, which alleged constitutional violations under the Fourth, Tenth, and Fourteenth Amendments.

Lastly, Plaintiff argues that Magistrate Judge Hummel erred in concluding that Defendant did not satisfy the under-the-color-of-state law requirement for her section 1983 claims. *See* Dkt. No. 13 at 13. According to Plaintiff, Defendant is not a private citizen because she represents two domestic corporations and a corporate bank account. *See id.* at 3, 7, 8. In other words, Plaintiff appears to argue that Defendant is deemed a state actor subject to section 1983 claims because the two LLCs associated with Defendant are organized in New York State and thus subject to state regulation. *See id.* at 3, 7, 8, 27, 41.

Contrary to Plaintiff's assertions, Magistrate Judge Hummel correctly determined that Plaintiff failed to satisfy the under-the-color-of-state law element for her section 1983 claims. *See* Dkt. No. 9 at 6. Plaintiff has failed to allege any conduct that could liberally be construed as joint activity with the State. Further, even if the LLCs are organized in New York and Defendant is a member of the LLCs, the mere fact of organization does not transform an entity into a state actor. *Cf. Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 189 (3d Cir. 2000) (holding that incorporation alone does not transform the entity into a state actor). Moreover, "it is well settled that a private [entity] is not a state actor simply because it is subject to state regulation." *Pennsylvania General Energy Company, LLC v. Grant Township*, No. 14-209ERIE, 2017 WL 1215444, *6 (W.D. Pa. Mar. 31, 2017) (citations omitted); *see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to

state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment") (citation omitted); *White v. St. Joseph's Hosp.*, 369 Fed. Appx. 225, 226 (2d Cir. 2010) (finding that licensing by the state alone does not render the licensee a state actor) (citation omitted). Accordingly, the Court adopts Magistrate Judge Hummel's recommendation that the complaint be *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim on which relief may be granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 9) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's Complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 7, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge